IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 FEB -7 PM 4:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SCOTT BENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-01-AR-2777S |
| ) | |
| U.S. AIRWAYS, Inc. and MESA AIR ) | |
| GROUP, Inc. ) | JURY DEMAND REQUESTED |
| ) | |
| Defendants. ) | |
| ) | |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Scott Bender and for his complaint sets forth the following:

### PARTIES

1.  Plaintiff Scott Bender is an individual over the age of nineteen (19) years and is a resident of Philadelphia, Pennsylvania.

2.  Defendant, U.S. Airways, Inc. ("US Airways") is incorporated in Delaware and has its principal place of business in Arlington, VA.

3.  Defendant, Mesa Air Group, Inc. ("Mesa") is incorporated in Nevada and has its principal executive office in Phoenix, Arizona. Mesa has a code-sharing agreement with US Airways. Through the code-sharing agreement, Mesa allegedly maintains ownership of its airlines, manages most airport stations and staffs the personnel for the airlines. As a code-share partner of the major airline, Mesa is allowed to use the major airline's reservation system and the two-letter code of the major airline that identifies flights and fares in the worldwide computer



reservation system. Furthermore, the code-share agreement enables Mesa to use the major airline's logo, service marks, aircraft paint schemes and employee uniforms. Mesa also benefits from the major partners' advertising campaigns and frequent flyer programs.

4.      This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000.

5.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (a)(2), as a substantial part of the events or omissions giving rise to plaintiff's claim occurred here.

## COUNT ONE: NEGLIGENCE

6.      On or about February 19, 2001, the US Airways/Mesa flight staff and approximately 14 (fourteen) passengers on flight US 5871 flew from Charlotte, North Carolina to Birmingham, Alabama.

7.      Flight US 5871 took off from Charlotte, North Carolina at approximately 10:30 p.m. Eastern time, and landed in Birmingham, Alabama at approximately 10:30 p.m. Central time.

8.      During the flight from Charlotte, Plaintiff Scott Bender fell asleep and remained asleep during the landing in Birmingham.

9.      Once in Birmingham, Alabama, the US Airways/Mesa flight staff failed to wake Scott Bender and failed to adequately check the cabin before closing the hatch and turning off the airplane cabin lights.

10.     As a result of this failure, Scott Bender was locked on the airplane with little or no light to guide him. Because Scott Bender awoke only after all passengers and flight staff had disembarked and after all overhead cabin lights had been turned off, Scott immediately believed that the plane had crashed and that he was dead.

11. At all times during the takeoff, flight, landing, and disembarkation, the US Airways/Mesa and other fictitious party defendants owed a duty to the passengers and were obligated to exercise the highest degree of care, skill, and diligence in transporting them to their final destination.

12. US Airways/Mesa and other fictitious party defendants breached their duty by failing to adequately check the passenger cabin and by locking plaintiff, who was asleep, on the airplane after all passengers and staff had disembarked and all lights had been turned off.

13. As a proximate result of the negligence of defendants, plaintiff Scott Bender was forced to exit the airplane in a restricted area, was physically detained, was questioned during his detention, was refused the return of his baggage, and was caused to suffer injuries and damages including, but not limited to, the following: mental and emotional anguish, lost wages, and other out of pocket expenses.

Wherefore, plaintiff demands judgment against defendant for compensatory damages in an amount to be determined by a jury at the trial of this case and any other relief to which the Court feels plaintiff is entitled.

### COUNT TWO: WANTONNESS

14. Plaintiff realleges and incorporates paragraphs three through ten above as if pleaded separately herein.

15. On the occasion described above, defendants, with wanton and reckless indifference to the consequences, consciously and intentionally failed to clear the airplane cabin and/or consciously failed to perform their duty.

16. As a proximate result of the willful conduct of the defendants, plaintiff, Scott Bender was caused to suffer injuries and damages including, but not limited to, the following: mental and emotional anguish, lost wages, and other out of pocket expenses.

## COUNT THREE: OUTRAGE

17. Plaintiff realleges and incorporates paragraphs three through thirteen as if pleaded separately herein.

18. On the occasion described above, defendants' conduct was so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency.

19. As a proximate result of defendants' intentional or reckless outrageous conduct, Scott Bender was caused to fear that he was dead and to suffer such emotional distress that no reasonable person could be expected to endure it.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands judgment of defendant for compensatory and punitive damages in an amount to be determined by a jury at the trial of this case and any other relief to which the Court feels plaintiff is entitled.

Respectfully Submitted,

Richard S. Frankowski
Ala. Bar No. FRA045

OF COUNSEL
WHATLEY DRAKE, LLC
2323 2nd Avenue North
P.O. Box 10647
Birmingham, Alabama 35202-0647
(205) 328-9576

## JURY DEMAND

Plaintiff demands a trial by struck jury on all triable issues.

**PLEASE SERVE DEFENDANT BY *CERTIFIED MAIL* AT:**

MESA AIR GROUP, INC.
410 North 44th Street
Suite 700
Pheonix, AR 85008

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by placing a copy of the same in the United States Mail, postage prepaid and properly addressed, this the 7th day of February, 2002.

William L. Waudby
Lange, Simpson, Robinson & Somerville, LLP
1700 Region Bank Building
417 20th Street North
Birmingham, Al 35203-3217

OF COUNSEL